## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------- x

C&A MARKETING, INC., a New Jersey Company, :

      Plaintiff,

   v.

TOP SHELF A/C CORPORATION, a New York
Corporation; ERNEST ARBUCCI, an individual;
JOHN DOES 1-10,

      Defendants.

------------------------------------------------------------- x

Civil Action No. __19-17757____

**COMPLAINT AND JURY TRIAL DEMAND**

*Electronically Filed*

Plaintiff C&A Marketing, Inc. ("Plaintiff"), by and through its counsel, for its Complaint

against Top Shelf A/C Corporation ("Top Shelf"), Ernest Arbucci ("Arbucci") and John Does 1-

10 ("Doe Defendants") (collectively, "Defendants"), alleges as follows:

### PARTIES

1.   Plaintiff C&A Marketing is a corporation organized and existing under the laws

of the State of New Jersey, with a place of business at 114 Tived Lane East, Edison, New Jersey

08837.

2.   On information and belief, Defendant Top Shelf is a corporation organized and

existing under the laws of the State of New York, with a principal place of business at 445 Broad

Hollow Road, Suite 25, Melville, New York 11747.

3.   On information and belief, Defendant Arbucci is an individual residing at 62 1st

Avenue, Massapequa Park, New York 11762.

4.   On information and belief, Defendant Arbucci is the Chief Executive Officer of

Defendant Top Shelf.

5.   The true names, involvement and capacities, whether individual, corporate,

associated or otherwise, of the Doe Defendants are unknown to Plaintiff.  Therefore, Plaintiff

sues the Doe Defendants by a fictitious name. Plaintiff is informed and believes, and on that

basis alleges, that each of the Doe Defendants sued herein is responsible in some manner for the

events and occurrences referred to herein. When the true names, involvement and capacities of

these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action pursuant to the Federal

Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Copyright Act of 1976, as

amended, 17 U.S.C. §§ 101 *et seq*., including 15 U.S.C. § 501; and 28 U.S.C. §§ 1331, 1338, and

1367.

7.      The Court also has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs,

and is between: (1) citizens of different States; and (2) citizens of a State and citizens or subjects

of a foreign state.

8.      Defendants are subject to general and specific jurisdiction in this Court, *inter alia*,

because they conduct business in the District and have committed at least some of the acts

complained of herein within this District.

9.      On information and belief, Defendants sell large quantities of products to

customers in New Jersey, maintain an interactive website accessed by residents of New Jersey,

and otherwise avail themselves of the privilege of doing business in the State of New Jersey.

10.     Defendants have intentionally created a business model whereby they sell large

quantities of products, including those at issue in this action, through Amazon.com ("Amazon"),

thereby taking advantage of Amazon's national presence, and have sold units of that product to

New Jersey residents pursuant to that arrangement. Thus, Defendants have purposefully availed themselves of the privilege of doing business in New Jersey.

11.     Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

12.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

**BACKGROUND FACTS**

13.     Defendant Top Shelf is in the business of manufacturing and distributing certain air conditioning support brackets, including on Amazon.com ("Amazon").

14.     Plaintiff is in the business of manufacturing and distributing various products, including air conditioning support products.

15.     Plaintiff manufactures and sells air conditioning mounting brackets under its IVATION brand ("IVATION Mount").  A representative photograph of the IVATION Mount is shown below:



16.     Plaintiff resells it products, including the IVATION Mount through various channels, including though an Amazon storefront.

17.     In an effort to stifle legitimate competition, Defendants have submitted false intellectual property reports to Amazon regarding Plaintiff's products, including the IVATION Mount.

18.     As a result of Defendants' false reports, Plaintiff's listings for the IVATION Mount have been suspended.

19.     Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

20.     Upon information and belief, Amazon is the world's largest online retailer.

21.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

22.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

23.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

24.     Plaintiff has a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

25.     Third-party sellers, like Plaintiff, typically create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which

the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

26.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its "DBROTH" Amazon storefront.

27.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

28.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

29.     Plaintiff's Amazon storefront has amassed over half a million reviews and a holds a near perfect customer rating.

30.     A small sample of Plaintiff's recent reviews are shown below:





31.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

32.     On information and belief, Defendants seek to increase their profits by eliminating competition for its products through unlawful means.

33.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude Plaintiff from selling the IVATION Mount on Amazon by repeatedly submitting false allegations of intellectual property infringement and manipulating Amazon's reporting tools.

34.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling competing air conditioning mounts on Amazon.

35.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationships with Plaintiff.

36.     Defendants have no legitimate intellectual property claim(s) against Plaintiff.

37.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

38.     As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

39.     On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

40.     On information and belief, Defendants were, at all relevant times, aware that Amazon will often act on reports of copyright infringement regardless of the truth of the report.

41.     Defendants filed complaints with Amazon that alleged that Plaintiff infringed Defendants' copyrights through its sale of the IVATION Mount.

42.     Defendants knew, or should have known, that such allegations were false.

43.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

44.     For example, when submitting an infringement report to Amazon, an intellectual

property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights
> described above or those held by the rights owner, and that the use of such
> content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this
> notification is correct and accurate and that I am the owner or agent of the owner
> of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited Jul. 1, 2019).

45.     Upon information and belief, one or more complaints were submitted and signed

under penalty of perjury by Defendant Arbucci.

46.     On or about June 12, 2019, Plaintiff received a notice from Amazon stating as

follows:

> Hello,
>
> We removed some of your listings because we received a report from a rights owner that they may
> infringe the rights owner's copyright. The listings we removed are at the bottom of this message.
>
> Why did this happen?
> One or more of your listings may be infringing the intellectual property rights of others.
>
> We're here to help.
> If you need help understanding why your listings may infringe the intellectual property rights of others,
> please search for "Intellectual Property Policy" in Seller Central Help
> (https://sellercentral.amazon.com/gp/help/external/201361070).
>
> How do I reactivate my listing?
> Please provide one of the following to reactivate your listings:
> An invoice, letter of authorization or license agreement from the manufacturer or Rights Owner
> demonstrating that your use of the copyright is lawful to notice-dispute@amazon.com. External links are
> not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg,
> .pjpeg, .gif, .png, .tiff.
>
> Have your listings been removed in error?
> If you believe there has been an error, please tell us why. Your explanation should include the following
> information:
> -- Proof that you have never sold the reported product. We will investigate to determine if an error
> occurred.
>
> OR

-8-

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: B07CZH178M
Infringement type: Copyright
Complaint ID: 6099707331
-- Ernest Arbucci
-- info@topshelfac.com

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...

Sincerely,
Amazon.com

47. The above report relates to the IVATION Mount product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

48. The IVATION Mount referenced above did not infringe any valid or enforceable copyright of Defendants.

49. On information and belief, Defendants' allegation that the above IVATION Mount infringed Defendants' copyrights was made in bad faith.

50. On or about June 13, 2019, Plaintiff contacted Defendants by e-mail and requested that Defendants provide the basis for Defendants' copyright infringement complaint.

51. Defendants did not respond to Plaintiff's e-mail.

52. On or about June 21, 2019, counsel for Plaintiff contacted Defendants by letter and requested that Defendants retract the above complaint.

53. Defendants did not respond to Plaintiff's letter.

54.     Instead, on information and belief, Defendants have sought to manipulate Amazon's infringement reporting tools to prevent reinstatement of Plaintiff's product listings.

55.     On information and belief, Defendants have repeatedly retracted their infringement reports, and resubmitted additional reports, in an effort to prevent Plaintiff from obtaining reinstatement of their product listings from Amazon, including pursuant to Section 512 of the Digital Millennium Copyright Act.

56.     For example, on or about July 20, 2019, Plaintiff received another notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's copyright. The listings we removed are at the bottom of this message.

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
An invoice, letter of authorization or license agreement from the manufacturer or Rights Owner demonstrating that your use of the copyright is lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: B07CZH178M

Infringement type: Copyright
Complaint ID: 6269059571

-- Ernest Arbucci
-- info@topshelfac.com

57.     The above report relates to the same IVATION Mount product that Defendants

previously complained about and for which Plaintiff's listing was reinstated.

58.     As noted above, the IVATION Mount referenced in the above did not infringe

any valid or enforceable copyright of Defendants.

59.     On information and belief, Defendants' allegation that the above IVATION

Mount infringed Defendants' copyrights was made in bad faith.

60.     On or about July 26, 2019, Plaintiff received another notice from Amazon stating

as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may
infringe the rights owner's copyright. The listings we removed are at the bottom of this message.

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others,
please search for "Intellectual Property Policy" in Seller Central Help
(https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
An invoice, letter of authorization or license agreement from the manufacturer or Rights Owner
demonstrating that your use of the copyright is lawful to notice-dispute@amazon.com. External links are
not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg,
.pjpeg, .gif, .png, .tiff.

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following
information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error
occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: B07CZH178M
Title:
Infringement type: Copyright
Complaint ID: 6295333591

 info@topshelfac.com

You can view your account performance
(https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health
on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health
dashboard shows how well your account is performing against the performance metrics and policies
required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...

 Sincerely,
Seller Performance Team
Amazon.com

61.     The IVATION Mount referenced above did not infringe any valid or enforceable copyright of Defendants.

62.     Nevertheless, Defendants continue to submit false infringement reports to Amazon.

**HARM TO PLAINTIFF**

63.     As a result of the above false infringement complaints, Plaintiff's listings relating to the IVATION Mount were suspended, resulting in an immediate loss of revenue.

64.     It is well-known that infringement complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

65.     On information and belief, Defendants were aware that complaints to Amazon result in selling suspensions.

66.     At no time has Plaintiff ever sold products that infringed any valid copyright owned by Defendants.

67.     Defendants knowingly made false intellectual property rights complaints against Plaintiff.

68.     Defendants knowingly published false and defamatory statements to Amazon.

69.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

70.     As result of Defendants' false complaints and reviews, Plaintiff's performance metrics were irreparably damaged.

71.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

72.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics, including intellectual property violations.

73.     Thus, Defendants' false intellectual property reports have damaged Plaintiff's sales.

### COUNT I - DECLARATORY JUDGMENT
(No Copyright Infringement)

74.     Plaintiff realleges and incorporates all previous paragraphs.

75.     Defendants manufacture and distribute air conditioning mounts and place such products in the stream of commerce.

76.     Plaintiff manufacturers and distributes the IVATION Mount and places such products in the stream of commerce.

77.     Defendants have submitted multiple complaints to Amazon that state that Plaintiff's IVATION Mount infringes Defendants' copyrights.

78.     The IVATION Mount does not infringe any valid or enforceable copyright owned by Defendants.

79.     Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to the IVATION Mount.

80.     Defendants' repeated complaints threaten to cause the suspension of Plaintiff's selling privileges as they relate to any and all products.

81.     Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage to Plaintiff's business.

82.     Under these facts, an actual controversy exists between Plaintiff and Defendants.

83.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' copyright or other rights, whether under Federal or State law.

### COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

84.     Plaintiff realleges and incorporates all previous paragraphs.

85.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

86.     Plaintiff is also in a contractual relationship with Amazon.

87.     At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

88.     At all relevant times, Defendants were aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

89.     Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling products that infringed Defendants' copyrights.

90.     Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

91.     Defendants intended to cause Amazon to suspend Plaintiff's ability to sell products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

92.     Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell products, including the IVATION Mount, on Amazon.

93.     Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

94.     Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of the IVATION Mount to be suspended.

95.     The intentions of Defendant are demonstrated by the fact that Defendants failed to provide any support for their allegations and, nevertheless, refused to withdraw their complaint.

96.     Defendants' accusations were false and were made maliciously and with ill will.

97.     Plaintiff has been damaged by suspension of these listings by losing revenue related to the IVATION Mount.

98.     Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

99.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT III – DEFAMATION

100.    Plaintiff realleges and incorporates all previous paragraphs.

101.    Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff sold products that infringed Defendants' copyrights.

102.    Plaintiff did not infringe Defendants' copyrights.

103.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to the IVATION Mount.

104.    Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff's products did not infringe any of Defendants' copyrights.

105.    Defendants' false statements are not protected by any privilege.

106.    Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon.

107.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

108.    Here, Defendants published statements that Plaintiff was engaged in copyright infringement.

109.    Defendants' false statements constitute defamation per se.

110.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling the IVATION Mount and damage to its relationship with Amazon and its customers.

111.     Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to the IVATION Mount have been suspended and Plaintiff has lost sales of the IVATION Mount.

112.     Plaintiff is entitled to damages, costs, and fees as allowed by law.

113.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

### COUNT IV – TRADE LIBEL

114.     Plaintiff realleges and incorporates all previous paragraphs.

115.     Defendants knowingly published false and derogatory statements regarding Plaintiff's business.

116.     Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling products that infringed Defendants' copyrights.

117.     Defendants' statements that Plaintiff was selling infringing products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

118.     As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

119.     Defendants' false and derogatory statements to Amazon were a substantial factor in inducing these parties not to conduct business with Plaintiff.

120.     Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

121.     As a result of Defendants' false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

122. As a result of Defendants' false reviews, Plaintiff has had experienced a direct and immediate loss in revenue.

123. Plaintiff is entitled to damages, costs, and fees as allowed by law.

124. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable copyright owned by Defendants;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform relating to Plaintiff.

C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

E. An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

F. An award of all damages that Plaintiff has suffered as a result of Defendants' trade libel;

G. An award of all costs and fees incurred in this Action; and

H. Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  September 9, 2019                    Respectfully submitted,

                                             AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                             By:  s/ Mark Berkowitz
                                                  Mark Berkowitz
                                                  90 Park Avenue
                                                  New York, NY  10016
                                                  Tel.:    (212) 336-8000
                                                  Fax:     (212) 336-8001
                                                  E-mail:  mberkowitz@arelaw.com

                                                  *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  September 9, 2019                   Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

By:   s/ Mark Berkowitz
      Mark Berkowitz
      90 Park Avenue
      New York, NY  10016
      Tel.:     (212) 336-8000
      Fax:      (212) 336-8001
      E-mail:  mberkowitz@arelaw.com

      ***Attorneys for Plaintiff***

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  September 9, 2019                    Respectfully submitted,

                                             AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                             By:   s/ Mark Berkowitz
                                                   Mark Berkowitz
                                                   90 Park Avenue
                                                   New York, NY  10016
                                                   Tel.:    (212) 336-8000
                                                   Fax:     (212) 336-8001
                                                   E-mail: mberkowitz@arelaw.com

                                                   ***Attorneys for Plaintiff***